IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**WEBB BARRON SEARCY, JR.**

      **Plaintiff,**

v.                                                               Case No. 2:14-cv-15045

**DAVID BALLARD, MAJOR RHODES,**
**and SGT. WIMMER, each in his individual capacity,**

      **Defendants**.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is a Motion to Dismiss (ECF No. 21), filed by defendants David Ballard and Major Rhodes. This matter is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

## PROCEDURAL HISTORY

On April 18, 2014, the plaintiff filed his initial Complaint (ECF No. 2), which named only Sergeant Joe Wimmer as a defendant. The initial Complaint alleged that defendant Wimmer had assaulted the plaintiff on June 3, 3013, and thereby used excessive force against him in violation of the Eighth Amendment to the United States Constitution. The initial Complaint contained no specific allegations concerning any conduct of David Ballard and Major Rhodes. However, the Amended Complaint, which was filed on January 12, 2016, attempts to raise claims of supervisory liability against

Ballard and Rhodes, contending that they had actual knowledge of, and have been deliberately indifferent to, conduct by their subordinates that has posed a pervasive and unreasonable risk to plaintiff's safety. Because the plaintiff filed his proposed Amended Complaint prior to service of process, he was permitted to amend his Complaint without leave of court. Accordingly, the court did not address the propriety of the amendments at that time.

On February 16, 2016, defendants Ballard and Rhodes filed the instant Motion to Dismiss (ECF No. 21) and a Memorandum of Law in support thereof (ECF No. 22), asserting that the plaintiff's claims against them are barred by the applicable statute of limitations and fail to state a claim upon which relief can be granted.

On April 21, 2016, after having been granted an extension of time to respond, the plaintiff filed a Response to the defendants' Motion to Dismiss (ECF No. 28). In his response, the plaintiff asserts that he moved to amend his Complaint after being provided with documentation by attorneys at Mountain State Justice[1] that contained information that he believed supported claims against defendants Ballard and Rhodes of which he was unaware at the time of his alleged incident. However, the plaintiff does not assert how, if at all, these claims against the new defendants relate back to his initial Complaint. The plaintiff's Response further asserts that his Amended Complaint sufficiently states a claim of supervisory liability against defendants Ballard and Rhodes and that they are not entitled to qualified immunity on those claims.

On April 28, 2016, defendants Ballard and Rhodes filed a Reply (ECF No. 33), which reiterates their position that the plaintiff's claims against them do not relate back

---

[1] The undersigned notes that Mountain State Justice is not presently, nor has it ever been recognized as counsel of record for the plaintiff in this matter.

to the initial Complaint and, thus, are untimely. The Reply again asserts that the Amended Complaint fails to state a plausible claim against either Ballard or Rhodes. (*Id.* at 2-3).

## **STANDARD OF REVIEW**

In *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court further explained its holding in *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. * * * In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.

The parties appear to agree that the plaintiff's amendment of his Complaint occurred after the expiration of the applicable statute of limitations (discussed *infra*). Thus, the issue before the court appears to be whether the plaintiff's amendments to his Complaint may be considered timely and appropriate under Rule 15(c) of the Federal Rules of Civil Procedure, which governs the relation back of amendments. The operative provision of Rule 15(c) appears to be subsections (1)(B) and (1)(C), which provide:

> (c) **Relation Back of Amendments**.
>
> (1) **When an Amendment Relates Back**. An amendment to a pleading relates back to the date of the original pleading when: * * *
>
>> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or
>>
>> (C) the amendment changes the party or the naming of the party against whom a claim is asserted if Rule 15(c)(1)(B) is satisfied and, if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>>
>>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>>
>>> (ii) knew of should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(B) and (C). The undersigned will discuss the application of these provisions to the plaintiff's case *infra*.

## ANALYSIS

As noted by the defendants, the plaintiff's Amended Complaint alleges that, on June 3, 2013, Sgt. Wimmer used excessive force against the plaintiff by pushing him as he entered the doorway of the commissary at the Mount Olive Correctional Complex.

(ECF No. 15 at ¶¶ 5-6). The Amended Complaint further asserts that, when the plaintiff asked Wimmer why he pushed him, Wimmer stated that "he could do whatever he wants per David Ballard . . ." and then allegedly used a racial slur against the plaintiff. (*Id.*, ¶¶ 7-8).[2] When the plaintiff told Wimmer that he was going to report him, Wimmer allegedly shoved him to the ground, causing the plaintiff to strike his head and temporarily lose consciousness. (*Id.*, ¶¶ 9-10). The plaintiff further alleges that Wimmer subsequently fabricated a disciplinary write-up against the plaintiff. (*Id.*, ¶ 14).

Similar to the initial Complaint, Count One of the Amended Complaint asserts a violation of the plaintiff's Eighth Amendment rights by defendant Wimmer. However, Count Two of the Amended Complaint alleges, for the first time, claims of supervisory liability and deliberate indifference against defendants Ballard and Rhodes, alleging that they "instructed, allowed, approved and permitted their subordinates, including defendant Wimmer, to use unnecessary and excessive force against Plaintiff multiple times . . . ." (*Id.* at 7-8).

The defendants' Memorandum of Law in support of their Motion to Dismiss asserts that, because the initial Complaint did not name Ballard, Rhodes or any other supervisor at MOCC, and did not make any allegations, claims or statements of relief sounding in supervisory liability or deliberate indifference by supervisory officials, defendants Ballard and Rhodes were not put on notice that they could be subject to suit within the time period provided by the applicable two-year statute of limitations and that the claims against them do not relate back to the initial Complaint in order to be a proper amendment under Rule 15(c) of the Federal Rules of Civil Procedure.

---

[2] These allegations were not contained in the initial Complaint.

It is well-established that civil rights cases filed in federal court follow the analogous state limitation period. *Blanck v. McKeen*, 707 F.2d 817 (4th Cir. 1983). West Virginia has a two-year statute of limitations for cases similar to § 1983 cases and other personal injuries. W. Va. Code § 55-2-12(b) (1981); *see McCausland v. Mason County Bd. of Educ.,* 649 F.2d 278 (4th Cir. 1981); *Rodgers v. Corporation of Harpers Ferry*, 371 S.E.2d 358 (W. Va. 1988). Although the applicable state statute of limitations supplies the length of the limitations period in a § 1983 action, the time of accrual of the cause of action is a matter of federal law. *Nasim v. Warden, Md. House of Correction*, 64 F.3d 951, 955 (4th Cir. 1995) (en banc). As noted in *Nasim*, "[u]nder federal law, a cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." 64 F.3d at 955; *see also United States v. Kubrick*, 444 U.S. 111, 122-24 (1979).

The defendants assert as follows concerning the accrual of the statute of limitations:

> Plaintiff's Amended Complaint alleges that he suffered a head injury and lost consciousness after he was allegedly pushed to the ground by Defendant Wimmer. It is evident that Plaintiff had knowledge of his claim and was put on notice to make reasonable inquiry and that inquiry would reveal the existence of a colorable claim when the accident occurred on June 3, 2013. Therefore, Plaintiff's claims under § 1983 accrued on June 3, 2013.

(ECF No. 22 at 5). The defendants' Memorandum of Law further addresses the relation back provision of Rule 15(c) of the Federal Rules of Civil Procedure as follows:

> The Fourth Circuit has had occasion to discuss the relation back of amendments under Rule 15(c)(1)(C). For the notice requirement under Rule 15(c)(1)(C)(i), "the potential party to be added must receive within the limitations period 'not only notice of the institution of an action but also notice of the possibility that the putative new defendant may be a defendant in that action.'" *Davis v. Bayer AG*, 2012 U.S. Dist. LEXIS 74540, *3-4 (S.D. W. Va. May 30, 2012) (quoting *W. Contracting Corp. v. Bechtel Corp.*, 885 F.2d 1196, 1201 (4th Cir. 1989). For the knowledge requirement under Rule

6

> 15(c)(1)(C)(ii), "an amendment may 'relate back only where there has been an error made concerning the identity of the proper party . . . but it does not permit relation back where . . . there is a lack of knowledge of the proper party." *Davis*, at *4 (quoting *Bechtel Corp.* at 1201).
>
> Here, Plaintiff's Amended Complaint fails under both the notice and knowledge requirements. In regards to the notice requirement, Warden Ballard and Major Rhodes were not on notice of the institution of this action until they were served with Plaintiff's Amended Complaint on January 25, 2016; over eighteen months after the two-year statute of limitations ran on Plaintiff's claim arising from allegations occurring on June 3, 2013.[3] Furthermore, even if these Defendants were on notice that this action had been instituted when Plaintiff filed his Complaint on April 18, 2014, they would not have been on notice that they may be a party to that action. No supervisory type claims were alleged in the Plaintiff's Complaint. Plaintiff's Complaint was completely devoid of any causes of action, allegations, statements, or otherwise to suggest liability on the part of any supervisor not involved in the actual incident, let alone these two specific supervisors.

(*Id.* at 6-7).

The defendants' Memorandum of Law further asserts that the plaintiff did not make an error in identifying the proper parties, as defendant Wimmer was named in both the initial and Amended Complaints and <u>no</u> supervisory defendants were even named in the initial Complaint. (*Id.* at 7). Nor did the initial Complaint contain any allegations of supervisory liability. (*Id.*) The defendants' Memorandum of Law specifically notes that plaintiff's allegation in the Amended Complaint that defendant Wimmer told him he could do whatever he wants "per David Ballard" is a fact that, if true, should have been known and available to the plaintiff at the time of the incident, yet the plaintiff did not include this fact in his initial Complaint. (*Id.*) The defendants assert that "the inclusion of this statement in plaintiff's Amended Complaint, but not the original Complaint is suspicious at best." (*Id.*)

---

[3] This statement appears to be in error. The two-year statute of limitations on plaintiff's Eighth Amendment claim(s) expired on June 3, 2015. Thus, defendants Ballard and Rhodes were served with the Amended Complaint seven months after the expiration of the statute of limitations, not eighteen months after.

7

The plaintiff's Response to the defendants' Motion to Dismiss asserts that his attempt to amend his Complaint seven months outside the two-year statute of limitations resulted from his "being in contact with Mountain State Justice whom provided him with certain documents concerning defendant David Ballard and Rhodes (See Exhibits 5, 6 & 7 of Amended Complaint)" and "upon learning of the orders given by Defendants Ballard and Rhodes to their subordinates, Plaintiff amended his original complaint to include facts he wasn't aware of at the time of the incident." (ECF No. 28 at 2). The plaintiff further asserts that he has a right to amend his Complaint when new facts become known to him. (*Id.*) The plaintiff further contends that the entire reason for his Amended Complaint was "to add new parties to the original complaint." (*Id.* at 3).

However, as noted by the defendants in their Reply, the plaintiff has not established how the addition of defendants Ballard and Rhodes and the allegations against them relate back to the allegations in his initial Complaint in a manner that would have placed Ballard and Rhodes on notice that they could be sued for supervisory liability based upon the conduct of defendant Wimmer. Their Reply further states:

> First, Plaintiff misstates Rule 15 of the Federal Rules of Civil Procedure. Rule 15 requires that in order for the amendment to relate back to the original pleadings, the newly named parties must have been on notice of the action and have knowledge that they should have been named but for a mistake. Fed. R. Civ. Pro., Rule 15(c)(1) and (2).
>
> Here, Plaintiff can show no mistake. Regardless of whether or not he had Exhibits 5-7 of his Amended Complaint when he filed his original Complaint, he was still on notice that he had a supervisory liability claim when defendant Wimmer allegedly told Plaintiff that he could do whatever he wants per David Ballard. (*See* Plaintiff's Amended Complaint, ¶ 8, ECF No. 15). At that point, the statute of limitations for his supervisory liability claim accrued. He may not have known about his claim against Defendant Rhodes at that time, but that did not preclude him from naming defendant Ballard which would have then potentially put Major Rhodes on notice that a similar claim could be brought against him. Therefore, because Plaintiff was on notice of his potential supervisor liability claim on June 3, 2013, then

8

> there was no mistake in not naming these Defendants and these Defendants did not have the requisite notice and knowledge at the time the original Complaint was filed that a supervisor liability claim could be brought against them.

(ECF No. 33 at 2).

Taking the allegations in the Amended Complaint as true, the plaintiff contends that, at the time of this alleged excessive force incident, defendant Wimmer made a statement upon which a reasonable inference could be drawn that would support a supervisory liability claim against defendant David Ballard, and would have put Ballard on notice that he could be made a defendant in this matter. However, the plaintiff did not assert a supervisory liability claim against defendant Ballard in his initial Complaint. Rather, nearly 21 months after filing the initial Complaint, and seven months after the expiration of the two-year statute of limitations, the plaintiff filed an Amended Complaint raising such a claim against Ballard and also against Major Rhodes.

The undersigned proposes that the presiding District Judge **FIND** that the amendment of the Complaint to add David Ballard and Major Rhodes as additional defendants occurred after the expiration of the two-year statute of limitations applicable to claims brought in West Virginia under 42 U.S.C. § 1983, and that the initial Complaint failed to give notice to Ballard or Rhodes that the plaintiff could assert a separate claim of supervisory liability against them. Accordingly, the undersigned further proposes that the presiding District Judge **FIND** that the claims against Ballard and Rhodes alleged in the Amended Complaint do not relate back to the original pleading as contemplated by Rule 15(c) of the Federal Rules of Civil Procedure and should be dismissed as being time-

barred.[4] For this reason, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the Motion to Dismiss filed by defendants Ballard and Rhodes (ECF No. 21).

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties and Judge Goodwin.

---

[4] In light of the proposed finding that the claims against defendants Ballard and Rhodes are untimely, the undersigned believes it is unnecessary to address the merits of the defendants' other grounds for dismissal asserted in their Memorandum of Law in support of their Motion to Dismiss.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to the plaintiff and to transmit a copy to counsel of record.

July 20, 2016

Dwane L. Tinsley
United States Magistrate Judge